## CIRCUIT COURT OF BALTIMORE CITY

Filed January 10, 1893.

STEVENS
VS.
ZANE ET. AL.

*F. P. Stevens & Son* for plaintiff.
*George R. Willis* for defendants.

DENNIS, J.—

This bill, as originally filed, sought to obtain the specific performance of a contract between the plaintiff and the defendant Zane for the sale of the former by the latter of all his interest in the Washington & Potomac R. R. Co., including also all the bonds of the Southern Maryland Railroad Co., belonging to Zane, for the price of thirty-five thousand dollars.

By the terms of the contract, which was dated March 18, 1891, three thousand dollars was to be paid in cash and to be deposited to the joint account of John P. Poe (attorney for the defendant), and the plaintiff, in the Fidelity and Deposit Company of Maryland, and the remaining thirty-two thousand dollars were "to be paid not later than the 19th day of May, 1891." It was further provided (in addition to other terms of the contract which it is unnecessary to go into, because I do not think they bear materially upon the questions at issue) that, upon the defendants complying with the agreement on his part, and the failure of the plaintiff to pay the remaining $32,000 on or before the day stipulated (May 19th, 1891), that the $3000—already deposited with the Fidelity and Deposit company—was to be paid over to the defendant, Zane, and "forfeited to the plaintiff."

While the bill, as originally filed, asked for the specific performance of this contract, by successive amendments it has been so changed that now it seeks to repudiate the contract as above set forth, on the ground that the defendant was never able or willing to perform it, and its sole prayer for relief is the repayment to the plaintiff of the $3000 deposited by him with the Fidelity & Deposit Co., as the first payment on account of the sale.

Whether such radical amendments to the original bill could be made will not be considered, as objections have not been interposed in proper form or time. But, assuming that the case is properly before the Court, I am of the opinion, upon the testimony, that the failure to perform the contract was solely due to the default of the plaintiff; that time was of its essence; and that the defendants were at all times ready and able to carry out the stipulations to be performed by them. The plaintiff's bill, therefore, will be dismissed.

But the defendants have filed a cross bill in which they ask that the $3,000 deposited with the Fidelity and Deposit Co., as the first payment on the proposed sale shall be paid to them.

Whether it shall be so paid or not depends upon the character of the deposit; if it is to be treated as *liquidated damages*, agreed upon in advance as a proper compensation to be paid the defendant because of the failure of the plaintiff to perform his part of the contract, the defendant is en-

titled to have a decree for it; if it is to be treated as a simple *forfeit*, then it is well settled, the defendant must seek his remedy in another tribunal, as a Court of Equity will never enforce a forfeiture.

Whether it is a forfeiture or not depends upon the intention of the parties at the time of making the contract.

What that intention was is to be primarily gathered from the terms of the contract itself, considering also the circumstances surrounding the parties at the time of its execution; and there is nothing in this case to lead to the conclusion that the instrument meant anything different from what is expressed upon its face. The deposit is described as a *"forfeit"*; the contract was drawn up by our distinguished Attorney-General, Mr. Poe, than whom no one knows better the significance of words or the meaning of legal terms; and, as thus drawn, it was assented to and signed by the plaintiff, who is himself a lawyer of prominence and capacity. I see nothing in the testimony to change the meaning of the terms they have thus deliberately adopted as expressing their intention; and of course, therefore, there can be no reason for refusing to accord to it its legal significance and results. The cross-bill will, therefore, also be dismissed, and the defendant left to such remedy as he may be entitled to in another Court.